Eliza Hayford *vs.* Henrietta Spokesfield & another.

The owner of a lot of land, having a right of way, acquired by grant, over two passages leading therefrom, built a close board fence five feet high on the boundary of his land, extending across one of these ways, and a subsequent owner placed palings three or four feet high on top of this fence. *Held,* that the maintenance of this fence for seven years was not, of itself, an abandonment of the right of way over the passage across which it was built.

Tort for the obstruction of a right of way. The plaintiff is the owner of lot 4, and that part of lot 6 which lies northeast of the dotted line, and the defendants are owners of lot 3; and

the way claimed is a passageway three feet wide from **the rear** of lot 4, and is marked *a* on the following plan.

At the trial in the superior court, before *Morton*, J., it appeared that in 1846 Lucius M. Sargent conveyed to George Scott lot 4, with a right of way through the three feet passageway *a* to Arnold Street. This deed referred to the above plan. Scott subsequently acquired lot 6, and in 1860 he conveyed to Riley Hayford, under whose will the plaintiff claimed, lot 4 and that part of lot 6 which lies to the northeast of the dotted line. Scott's deed to Hayford described the conveyed premises as bounded " southwesterly partly by land now or late of Spokesfield, [lot 3,] partly by the northeasterly end of a passageway three feet wide, partly by my other land, and partly by the northeasterly end of a passageway ten feet wide, there measuring

eighty-six feet eleven inches;" conveyed the premises "with privileges and appurtenances thereto belonging;" and referred for Scott's title to Sargent's deed to him and "the plan therein referred to."

" There was evidence tending to show that Scott, being the owner of lots 4 and 6, owned and used way *a* as an access to the premises, his dwelling-house standing on lot 4, and way *b* was used in connection with way *a*, and as an access to lot 6, on which stood an old house; that some months before the conveyance to Hayford, Scott moved the old house (the cellar of which still remains on a portion of the lot) from lot 6, and built a close board fence, five feet high, from *c* to *d*, leaving a gate at *d*, five feet wide, which has been used by the plaintiff as the only means of access to her premises, the house formerly occupied by Scott on lot 4, until September 20, 1867, when she placed a door in the fence at *c*, which passageway, *a*, the defendants closed and obstructed. It also appeared that Hayford, after moving on to the premises, placed palings, three or four feet high, on the top of the board fence, and never used, and there was no evidence that he ever claimed right to use, way *a*."

The court, on this evidence and on the deeds from Sargent to Scott and from Scott to Hayford, ruled that the action could not be maintained, and ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*R. D. Smith*, for the plaintiff.

*C. P. Judd*, for the defendants.

CHAPMAN, C. J. The right of way which is in controversy vas granted by Lucius M. Sargent to George Scott, as appurtenant to lot 4 on the plan which is referred to. The deed was made December 1, 1846. Scott conveyed to Riley Hayford, by deed dated June 1, 1860, lot 4 and part of lot 6 on the plan, with the privileges and appurtenances thereto belonging, and made express reference to the plan and the deed of Sargent. His deed bounds the lots on the southwesterly side partly on and now or late of Spokesfield, partly by the northeasterly end of a passageway three feet wide, partly on the grantor's other land, (which is the other part of lot 6,) and partly by the north-

easterly end of a passageway ten feet wide. The deeds, there-fore, purport to convey the right of way to Hayford.

But some months before Scott made his deed to Hayford he had built a close fence extending across the ends of both pas-sageways, and leaving no entrance to the three foot way, but making an entrance to the ten foot way by a gate five feet wide It is obvious that, as against himself as owner of that part of lot 6 not conveyed, his grantee acquired by the deed the right to use the three foot way, although it was closed by the board fence. The proprietors of the Spokesfield lot had had nothing to do with the erection of this fence, nor does it appear that the fee of the land over which the way passed was in them. The plaintiff claims title under Hayford by devise. Hayford did not use the way nor remove the fence during his lifetime, but used the ten foot way. The plaintiff did not remove the fence nor use the way till September 20, 1867. When she did so, the de-fendants obstructed the way, and now contend that the right of way has been extinguished by abandonment for the term of a little more than seven years.

The right cannot have been lost by mere non-user; for the doctrine of extinction by mere disuse does not apply to an ease-ment acquired by deed. Washb. on Easements, (2d ed.) 641, and cases cited. There must be something more than this. In this respect, it differs from an easement acquired by prescrip-tion. In *Dyer* v. *Sanford,* 9 Met. 395, 402, it is said that the acts of the owner of the dominant tenement must be of so de-cisive and conclusive a character as to indicate and prove his intent to abandon the easement. In several cases, the effect of particular acts has been discussed. *Stokoe* v. *Singers,* 8 El. & Bl. 31, is a strong case of the closing of windows from 1837 to 1856, in which it was held that the easement of light had not thereby been lost. The obstruction was of a permanent char-acter, and would not be likely to decay within twenty years; whereas, in this case, the board fence could be removed with hardly any trouble or expense, and would be likely to decay in a few years. In *Ward* v. *Ward,* 7 Exch. 838, it was held that discontinuing the use of a way merely by reason of the party's

having a more convenient way was not evidence of abandonment. In *Lovell* v. *Smith*, 3 C. B. (N. S.) 120, it was held that the substitution of a new way for an old one by agreement, and a consequent discontinuance of the use of the old way, afforded no evidence of the abandonment of the old one. In *Hale* v. *Oldroyd*, 14 M. & W. 789, a similar doctrine was held. In the present case, the use of the ten foot way was substituted for that of the three foot way. The case of *Crain* v. *Fox*, 16 Barb. 184, is cited, in which the existence of certain facts was held to constitute an abandonment; but it was a very different case from this. The erection of the fence, and the addition of pales to it afterwards would serve to keep the animals of the owner from escaping, and the animals of his neighbors from entering upon his lot, and the ten foot way could not have been a very inconvenient substitute for the other ; and so many motives may be assigned for maintaining the fence temporarily, and the structure was so slight and so easily removed, that it is far from being sufficient of itself to prove an abandonment of the easement.

*Exceptions sustained.*