### ELIAS WARSHAUER *vs.* MARY V. RANDALL.

Upon the question whether an easement claimed by the plaintiff over the defendant's land has been extinguished either by adverse enjoyment or by abandonment, testimony of the plaintiff's grantor that more than twenty years previously he orally relinquished to the defendant's grantor his right to the easement, and ceased to use it, is admissible.

A bill in equity alleged that the plaintiff owned the westerly half of a strip of land, and the defendant the easterly half; that the plaintiff had a right of way over the whole strip; and that the defendant had built a fence across the whole width of the strip; and prayed that the maintenance of the fence might be restrained. An issue was framed to the jury whether the plaintiff had an easement of way over the strip, and the jury found that he had not. *Held,* that this finding concluded the plaintiff as to any easement over the defendant's half of the strip, but did not conclude him as to his title to the half claimed by him.

BILL IN EQUITY, filed April 8, 1870, alleging that the parties were owners of adjacent lots of land on Warren Place in Boston; that between the two lots was a strip of land five feet wide; that each party owned the fee of that half of this strip which adjoined his or her own estate; that they both had a right of way over the whole of the strip; and that the defendant had obstructed the way by building a fence across the whole width of the strip. The prayer was for an injunction against the maintenance of the fence, or the obstruction of the plaintiff's use of the way, and for further relief. The answer alleged that the plaintiff had not set forth any case entitling him to relief in equity, and also that the defendant was the owner in fee of the whole strip of land, and the plaintiff had no easement therein.

Two issues were framed for a jury. 1. Has the plaintiff an easement of way over the strip of land described in the bill, as alleged therein? 2. Has the defendant unlawfully obstructed the same?

At the trial, before *Wells*, J., it appeared from deeds put in evidence that Richard Blanchard and John W. Blanchard, being tenants in common of a tract of land bounding north on Warren

Place, and comprising the land now belonging to the plaintiff and defendant, made partition thereof April 6, 1824, by giving to each other quitclaim deeds of one half the land; that Richard took the westerly part, bounded " easterly on a common passage, of five feet, leading from Warren Place to a vault, twenty-four feet; " that this part had become by mesne conveyances vested in the plaintiff; that John W. took the easterly part, bounded " westerly twenty-four feet on a common passageway, of five feet, leading from Warren Place to a vault; " and that this part had become by mesne conveyances vested in the defendant. The judge ruled that the plaintiff's record title extended to the centre of the strip of land in dispute, subject to a right of way in the defendant, and that the plaintiff had a right of way over the defendant's half of the strip.

It further appeared that the defendant had built the fence complained of across the strip, had put up a shed on the strip, and had inclosed the whole strip as part of her land, and denied that the plaintiff had any title or right in the strip, relying on adverse possession by her for twenty years, and an abandonment by the plaintiff's grantors.

Richard Blanchard, called as a witness by the defendant, and who was the owner from 1824 to 1853 of the premises now belonging to the plaintiff, was allowed, against the plaintiff's objection, to testify as follows: " In 1838 or 1839 there was a passageway ; I had no use for it and gave it up to Joshua Harlow," who then owned the land now belonging to the defendant, " and told him that if he would give me a piece of land on Tremont Street, I would give up all right and title to the passageway. Since that time I have not claimed it or used it." The defendant was also allowed, against the plaintiff's objection, to introduce evidence tending to show that this agreement was carried out by delivering possession of the land on Tremont Street to Richard Blanchard.

There was evidence tending to show an adverse enjoyment of the whole strip by the defendant and her grantors for more than twenty years, and also on other points not now necessary to report.

The jury answered in the negative both the issues presented to them; and the judge reported the case for the consideration of the full court upon the questions, whether the bill was maintainable upon the grounds set forth, and for the purpose of the relief sought; whether the verdict ought to conclude the plaintiff upon the question of his ownership of the fee to the centre of the strip; and whether the plaintiff had established such title to any part of the passageway, or right in the same, as to entitle him to relief in equity; upon the whole case, the court to enter such decree, order or further direction as should be deemed proper.

*S. J. Thomas*, for the plaintiff.

*A. A. Ranney*, for the defendant.

CHAPMAN, C. J.   Richard Blanchard and John W. Blanchard, being tenants in common of a tract of land bounding north on Warren Place, made partition thereof April 6, 1824, by giving to each other deeds of quitclaim.   Richard took the westerly part, bounding " easterly on a common passage, of five feet, leading from Warren Place to a vault, twenty-four feet."   John W. took the easterly part, bounding " westerly twenty-four feet on a common passageway, of five feet, leading from Warren Place to a vault."   It is not denied that these deeds gave to each of them the fee of the land to the centre of the passageway, subject to a common right of passage.   The westerly tract has come to the plaintiff, and the easterly tract to the defendant.

Upon the trial of issues framed to the jury, it is found that the plaintiff has now no easement of way over the strip, and that the defendant has not unlawfully obstructed such way.

The testimony of Richard Blanchard, who had been the owner of the premises of the plaintiff from 1824 to 1853, that in 1838 or 1839 there was a passageway; that he had no use for it, and gave it up to Joshua Harlow, and told him if he would give Blanchard a piece of land on Tremont Street, he would give up all right and title to the passageway; and that since that time Blanchard had not claimed it or used it, was properly admitted. It tended to prove that Blanchard, under whom the plaintiff claims, had abandoned the easement, and that the defendant's grantors had had the adverse possession and exclusive use of the land covered by the easement for more than twenty years.

The verdict implies, when taken in connection with the ruling of the court as to the construction of the deeds, that the plaintiff has lost his right of way over the easterly half of the strip of land. Upon the bill, the issue was pertinent; for the bill alleges that the plaintiff has such right of way, and that the defendant has obstructed it, and its object is to restrain him from obstructing it further.

As to the western half of the strip, it was the fee that was conveyed to the plaintiff, and therefore he could have no easement in it. The injury done to him, if any, was not a disturbance of an easement, but a disseisin. The finding that he has no easement in the east half defeats his remedy in equity, and leaves him a plain, adequate and complete remedy at law for the disseisin of the west half.

The defendant contends that the finding of the jury ought to be regarded as conclusive against the plaintiff as to his right in fee. But it is a sufficient answer to that suggestion that the jury have found nothing on the subject, nor was the question before them. The fact that there was evidence which went beyond the questions at issue settles nothing.

The plaintiff also suggests that there were several questions that were left unsettled. But the finding that the plaintiff had no easement superseded them, and made them immaterial. All his rights will be fully protected by a writ of entry.

*Bill dismissed, with costs, without prejudice to the plaintiff's right to bring a writ of entry.*