JAMAICA POND AQUEDUCT CORPORATION *vs.* THEOPHILUS P. CHANDLER & another.

Norfolk. Jan. 27. — Sept. 12, 1876. ENDICOTT & DEVENS, JJ., absent.

A right of way, whether acquired by grant or prescription, is not extinguished by the habitual use by its owner of another way, equally convenient, instead of it, unless there is an intentional abandonment of the former way.

MORTON, J. This is an action of tort for the obstruction of a way. The plaintiff claims under a deed from Luther Eames to the aqueduct company, dated November 28, 1795, conveying a mill lot and "also the privilege of a certain highway appertaining to said mill." It may be that it cannot maintain this claim, as it has no title to the mill lot to which this way was appurtenant. *Jamaica Pond Aqueduct Corporation* v. *Chandler, ante,* 1. But this is not material in this case, as the presiding justice, who tried the case without a jury, has found as a fact that the plaintiff has acquired by prescription a new right of way, if the original one had been extinguished. It is therefore entitled to maintain its action, unless in some manner this right of way has been extinguished. The presiding justice found that "the location of Pond Avenue was substantially over the old passageway, and that it appeared as good and convenient a passageway for the plaintiff, for all the purposes for which it had used the old passageway, as said old passageway, and had been used by the plaintiff since 1866 as a substitute therefor," and

ruled upon these facts that the plaintiff could not maintain its action.

But we are of opinion that these facts do not necessarily and of themselves show an extinguishment of the plaintiff's right of way.

If the highway had been laid out, following the line of the old passageway, so as to prevent its use as a way, it might operate as an extinguishment of the plaintiff's easement. But upon reference to the plan, which is made a part of the bill of exceptions, and in connection with which the ruling of the court must be construed, it appears that the highway does not follow the line of the passageway, but crosses it in two places, so that the most of the way could be used, and the bill of exceptions finds that it was sometimes used by the plaintiff up to 1873, when the grade of the highway was raised.

The facts that the highway was as convenient for the plaintiff as the old passageway, and that the plaintiff used it as a substitute, do not extinguish its right of way, unless it has intentionally abandoned its easement. These facts, if accompanied with the fact of an entire non-user of the way, may be strong evidence of an abandonment by the plaintiff. But, unless there was an intention of abandonment, they do not operate in law to extinguish the right of way, whether acquired by grant or prescription. *Dyer* v. *Sanford*, 9 Met. 395. *Hayford* v. *Spokesfield*, 100 Mass. 491.

The presiding justice did not pass upon the question whether the plaintiff had intentionally abandoned its easement, but ruled as matter of law that, upon the facts found, the easement was extinguished and lost, without regard to the question of intention. For these reasons, there must be a new trial.

*Exceptions sustained.*

*M. Williams, Jr.*, for the plaintiff.
*A. D. Chandler*, for the defendants.