## ANTHONY KING vs. MICHAEL MURPHY.

Worcester.    October 2. — 26, 1885.    FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

In an action by A. for the obstruction by B. of a right of way, it appeared that C.,
who was the owner of a large tract of land, sold a part of it to B., reserving a
strip of land on one side of the lot conveyed "for an open passageway to be
used in common by the said C. and B. and their heirs and assigns forever;"
that the description in the deed to B. covered this strip; that C. subsequently
sold the adjoining lot to A. by a deed which contained no reference to said
passageway, but provided for another passageway, which gave A. access to the
rear of his lot; and that, before the deed to A. was made, the rear end of the
passageway in question had been closed up by a substantial board fence, so that
it no longer furnished access to the lot sold to A. B. offered to show that C.,
while the owner, had said that he should relinquish this right of way when he
sold the adjoining property ; and that the fence was erected by him in order to
abandon and extinguish the passageway. *Held,* that this evidence should have
been admitted.

TORT for the obstruction of a right of way. Trial in the
Superior Court, before *Pitman,* J., who ordered a verdict for
the plaintiff; and the defendant alleged exceptions. The facts
appear in the opinion.

*W. S. B. Hopkins,* for the defendant.

*F. W. Blackmer & E. H. Vaughan,* for the plaintiff.

MORTON, C. J.   It is true, as a general rule, that an interest
in real estate cannot be conveyed except by a deed; but it is
well settled that an owner of a right of way or other easement
may, without deed, abandon his right so as to relieve the ser-
vient estate of the incumbrance. *Dyer* v. *Sanford,* 9 Met. 395.
Mere non-user, even for twenty years, will not conclusively show
an abandonment of a right of way; but when the owner of
the dominant estate, to which a right of way over a servient
estate is appurtenant, does some acts inconsistent with the con-
tinued existence of the way, with the intention to abandon and
extinguish his easement, it operates as a present abandonment;
and it is a question for the jury to determine whether such in-
tention existed.

In *Pope* v. *Devereux,* 5 Gray, 409, it was held that evidence of
an executed oral agreement to abandon a way, and substitute for
it another way, was rightly admitted to show an abandonment.

In *Warshauer* v. *Randall*, 109 Mass. 586, it was held that testimony of the plaintiff's grantor, that more than twenty years previously, when he owned the easement, he orally relinquished to the defendant's grantor his right to the way and ceased to use it, was admissible upon the question of abandonment, and of adverse possession by the defendant's grantor.

In *Jamaica Pond Aqueduct* v. *Chandler*, 121 Mass. 3, the plaintiff owned a private way, and a highway was laid out between the same termini which was equally convenient for the plaintiff. The court held that these facts, if accompanied with the fact of an entire non-user of the way by the plaintiff, would be strong, but not conclusive, evidence of an abandonment; and that the question of abandonment depended upon the intention of the plaintiff.

In the case at bar, one Davis, being the owner of a large tract of land, sold a part of it to the defendant, reserving a strip of land on the westerly side of the lot conveyed, ten feet wide and fifty feet long, "for an open passageway to be used in common by the said Davis and Murphy and their heirs and assigns forever." The description in the deed to the defendant covers the strip ten feet wide; and we agree with both counsel that the clause of reservation cannot be construed as an exception of this strip, the fee being retained in Davis, but is merely a reservation to him of a right of way over the strip. If we assume that this easement was for the benefit of, and was appurtenant to, the adjoining lot retained by Davis, and subsequently sold to the plaintiff, yet, while he remained the owner of the dominant estate, he could extinguish or abandon the easement, if he saw fit.

It appeared in evidence, that the deed from Davis to the plaintiff contained no reference to the passageway in question; and that it did provide for another passageway which gave the grantee access to the rear of his lot. It also appeared, that, before the deed to the plaintiff was made, the rear end of the passageway in question had been closed up by a substantial board fence, so that it no longer furnished access to the lot now owned by the plaintiff.

The defendant offered to show that Davis, while the owner, had said that he should relinquish this right of way when he

sold the adjoining property; and that the fence was erected by him in order to abandon and extinguish the passageway. We think this evidence should have been admitted.

The facts that the deed to the plaintiff provides another passageway, and makes no mention of this, and that Davis had in fact closed up this passageway, so that, when the plaintiff bought, it was not a passageway giving access to his lot, are strong evidence of an abandonment of his right. If he closed up this way with the intention of abandoning it, this operated as a present abandonment, and it ceased to be a way appurtenant to the plaintiff's lot, and did not pass to him under his deed.

*Exceptions sustained.*