LUCY M. RICHARDS & others *vs.* ATTLEBOROUGH BRANCH RAILROAD COMPANY.

Bristol.    November 1, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Right of Way by Necessity — Implied Reservation.*

If the owner of a tract of land cut off from any public highway by the land of another has a defined right of way appurtenant to the tract over such other land to a highway, and, upon a railroad corporation's acquiring title to the servient estate for depot purposes, releases to it by deed all his title and interest in the right of way, describing it by metes and bounds, including "all rights of crossing said depot lot as a private way, if any I have or may appear to have," no right of way by necessity to the highway will remain to him out of the right of way thus described and released; and his heirs, upon the taking of a part of the tract for railroad purposes, cannot recover damages for the deprivation of a right of way by necessity to the portion of the tract remaining.

PETITION to the Superior Court for a jury to assess the damages caused by the taking by the respondent of the petitioners' land in North Attleborough, including a right of way. Trial in the Superior Court, before *Sherman*, J., who ruled that the petitioners had no right of way, and ordered a verdict for them for an amount not including the value of such a right of way, and reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, judgment was to be entered for an amount agreed to include the value of such a right of way. The facts appear in the opinion.

*W. H. Fox,* for the petitioners.

*H. J. Fuller,* for the respondent.

FIELD, C. J.    The petitioners are the heirs at law of Edmund I. Richards, who, up to the time of his death in 1882, owned the parcel of land in question, which was taken by the respondent in

1885, and had as appurtenant to it a right of way thirty feet wide over a lot of land which belonged to Mary D. Jordan, and lay between his lot and a turnpike road. The way was to this road, which is now a public highway. This right of way appears to have been granted by Mrs. Jordan to Edmund I. by deed, and it was described in the deed by bounds, courses, and distances. In the year 1870, Mrs. Jordan conveyed the servient estate to the respondent, subject, however, to this right of way, which was excepted from the covenants of warranty. In the year 1874, Edmund I., then owning the lot a part of which has been taken, with the right of way as appurtenant to it, remised, released, and forever quitclaimed to the respondent, then owning the servient estate, all his right, title, and interest in and to the right of way granted to him by Mrs. Jordan, describing it by metes, courses, and bounds. The deed also contained the following clause in the granting part: "Together with all rights of crossing said depot lot as a private way, if any I have or may appear to have, I hereby relinquish." The lot across which the way ran had been before mentioned in the deed as " now known as the North Attleborough depot lot." This deed contained covenants against incumbrances made or suffered by the grantor, and of warranty against the lawful claims of all persons claiming under him, but against none other. The lot of land a part of which was taken " did not lie upon any public way, but was entirely surrounded by land of the respondent, and of other parties."

In assessing the damages for the taking, the petitioners contended that, notwithstanding the deed of Edmund I. Richards to the respondent, he and they as his heirs had a right of way by necessity over the depot lot. It is argued that, if Edmund I. had owned the depot lot, and had conveyed it to the respondent, a right of way to the road would have been reserved to him by implication as a way of necessity, because he had no other way out to a public road ; and therefore it is said that, for the same reasons, as he owned only a defined right of way, and has conveyed that, a right of way of necessity was still reserved to him by implication out of this defined way, because he had no other way out. On the one side, it is argued that the foundation of the rule whereby a right of way of necessity is held to have been impliedly granted or reserved in deeds is, that it is against public policy that the

owner of land should cut himself off from all access to it; and on the other side, that the rule is founded upon the presumed intention of the parties to the deed, construed, as it must be, with reference to the circumstances under which it was made. We think that the latter is the true reason for the rule.

There is no doubt that a right of way can be released to the owner of the servient estate by the owner of the dominant estate, and that the deed releasing the right of way in this case cannot be treated as void. A way of necessity can be presumed to have been granted or reserved only when the necessity existed at the time of the grant, and this right of way is presumed either to have been granted out of other land of the grantor, or reserved to the grantor out of the land granted; never out of the land of a stranger. The law does not give a right of way over the land of other persons to every owner of land who otherwise would have no means of access to it. *Pomfret* v. *Ricroft*, 1 Wms. Saund. 323, note 6. *Nichols* v. *Luce*, 24 Pick. 102. *Bullard* v. *Harrison*, 4 M. & S. 387. *Proctor* v. *Hodgson*, 10 Exch. 824. *Tracy* v. *Atherton*, 35 Vt. 52. *Seeley* v. *Bishop*, 19 Conn. 128.

In the present case, a way of necessity could not be reserved over other land than that included between the boundaries of the way released by the deed of Richards to the respondent, and to imply a reservation of the right of a reasonable way out of the right of way released by that deed seems absolutely inconsistent with the intention of the parties, as expressed in that deed. As the law does not give to every owner of land a right of way to it, or prohibit an owner from cutting himself off from all access to it by his conveyances, we think that the reservation of a way of necessity cannot be implied in this case. The ruling at the trial, therefore, was right.

Our statutes make provision for the laying out of a private way for the use of one or more persons, if it is considered necessary. Pub. Sts. c. 49, §§ 65, 72.

*Judgment on the verdict.*