EVIE M. ADAMS *vs.* LEMUEL B. HODGKINS.

Franklin.   Opinion September 30, 1912.

*Abandonment.   Conveyance.   Deed.   Disclaimer.   Easement.   License.*
*Non-user.   Prescription.   Trespass.   Quare Clausum.   Title.   Way.*

An easement created by deed or grant, whatever may be the rule as to one acquired by prescription, may be extinguished among other modes, by abandonment, so called, or non-user and adverse possession for twenty years.

Where the owner of the servient estate alleges its loss by abandonment, he assumes the burden of proof.

Abandonment of an easement must be established by evidence clear and unequivocal of acts decisive and conclusive.

A right of way, whether acquired by grant or prescription is not extinguished by the habitual use by its owner of another way, equally convenient, instead of it, unless there is intentional abandonment of the former way.

Abandonment necessarily implies non-user but non-user alone of an easement created by grant or reservation does not create abandonment.

It is the general rule that an easement or way created by deed or grant is not lost by mere non-user without proof of intention to abandon and adverse possession by the owner of the servient estate or expenses or damages sustained by him and when these elements concur they operate as a present abandonment.

When an easement is spoken of as lost by abandonment, it is intended that the circumstances are such that a release can be presumed.

No case can be put in which any presumption has been made except where a title has been shown by the party who calls for the presumption, good in substance but wanting in some collateral matter necessary to make it complete in point of form. In such cases where possession is shown to have been consistent with the fact directed to be presumed, and in such cases only, has it been allowed.

On report. Judgment for defendant.

This is an action of trespass quare clausum against defendant for breaking and entering the plaintiff's close, situate in Farmington, in the County of Franklin, and cutting trees and destroying wood and bushes, etc.

Plea, the general issue and brief statement as follows: Defendant says that he had a right of way over and across the plaintiff's close and that the alleged trespass was only the rightful use of said way. The case was reported for the determination of the Law Court upon so much of the evidence as is legally admissible.

The case is stated in the opinion.

*Elmer E. Richards,* for plaintiff.

*Frank W. Butler,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an action of trespass quare clausum. The defendant justifies under a claim of a right of way and plaintiff replies alleging abandonment. It is here upon report.

In June 1876 one Sylvester conveyed to Samuel D. Knowlton a lot of land in Farmington bounded upon three sides by land of strangers and upon the fourth side by land of the grantor which extended easterly to the highway or "River Road." Neither did Knowlton own nor have his successors in title owned any right of way to the premises conveyed him over adjoining lands not at the

time of the conveyance owned by his grantor, and his deed is silent as to any right of way. In August 1876, Sylvester conveyed his remaining land to one Goodwin. At the time of the alleged trespass, plaintiff and defendant had succeeded to the respective titles of Goodwin and Knowlton. That a way of necessity was impliedly granted under the circumstances by the deed of Sylvester to Knowlton does not seem to be seriously questioned by plaintiff.

The latter, however, urges that the right of way of necessity of defendant has been extinguished by abandonment and in support of his contention relies upon a declaration in the nature of a disclaimer made by Knowlton after his purchase in June 1876 and prior to the conveyance of the alleged servient premises to Goodwin, the use by defendant and his predecessors in title of ways over lands other than the alleged servient estate and non-user.

It is agreed that neither Knowlton nor any of the other predecessors in title of the defendant made use of any way over the premises lying between their land and the highway—the alleged servient estate—until August 27, 1911, the day of the alleged trespass. It also appears that for fifteen or eighteen years after his purchase Knowlton obtained access to his premises by a way over land of a relative situated in the rear of the premises and extending therefrom to a cross road running westerly from and at right angles with the "River Road" on which cross road the farm of Knowlton was apparently located. For the enjoyment of this way he paid a nominal sum, obtaining, however, no permanent right. It also appears that at some time during his ownership he cleared his lot and, by permission and license of the owner of land adjoining his lot upon the south, hauled the lumber through the pasture of the latter to the "River Road." The son of the purchaser from Sylvester of the alleged servient estate testifies that prior to his purchase, his father in his presence inquired of Knowlton "if he had or claimed any right of way from that land in an easterly direction across the remainder of the farm—the balance of the farm" and that Knowlton replied that "he had no right of way, that he had no use for a right of way in that direction, and that he claimed none whatever." As to the character and uses of the tenements little evidence is offered, but we are, we believe, warranted to infer from the plead-

ings and the evidence that the servient estate consisted of woodland and pasture and that the dominant estate was either wholly or in great part woodland.

In this case we are concerned with an easement arising from deed or grant, *Nichols* v. *Luce,* 24 Pick., 102, 104; *Morse* v. *Copeland,* 2 Gray, 302, 305; *Viall* v. *Carpenter,* 14 Gray, 126, 127. The distinction between easements created by deed and those acquired by prescription was early recognized *obiter* in *Farrar* v. *Cooper,* 34 Maine, 394, 400 and, although the distinction is doubted in *Pratt* v. *Sweetser,* 68 Maine, 344, 345, the right of way there under consideration being acquired by prescription, as it was in *Farrar* v. *Cooper,* we do not consider that the distinction has been abolished by the case. The distinction is preserved in Massachusetts and other jurisdictions; *Owen* v. *Field,* 102 Mass., 90, 114; *White* v. *Crawford,* 10 Mass., 183; *Arnold* v. *Stevens,* 24 Pick., 106, 112, 113; *Welsh* v. *Taylor,* 134 N. Y., 450, 460.

An easement created by deed or grant, whatever may be the rule as to one acquired by prescription, may be extinguished among other modes, by abandonment, so called, or non-user and adverse possession for twenty years; *New York &c. R. R.* v. *Benedict,* 169 Mass., 262, 267. Of adverse possession, however, there is no evidence in this case. Has the easement claimed by defendant been lost by abandonment? The burden of proof upon this issue is upon the party alleging it and it must be established by evidence clear and unequivocal of acts decisive and conclusive: *Dyer* v. *Sanford,* 9 Met., 395, 402; *Eddy* v. *Chace,* 140 Mass., 471, 472; *Hayford* v. *Spokesfield,* 100 Mass., 494; *Waring* v. *Crow,* 11 Cal., 366; *Richardson* v. *McNulty,* 24 Cal., 339.

It seems to have been stated *obiter* in one case at least that a parol disclaimer might work an abandonment of a way, a release being presumed: *Norbury* v. *Meade,* 3 Bligh, 211, 241-2; and it has been held in other cases that the denial of the right to an easement or a declaration of relinquishment of it coupled with acts on the part of the declarant in furtherance of and conformity to the denial or declaration are evidence of abandonment and adverse possession; *Warshauer* v. *Randall,* 109 Mass., 586, 588; *King* v. *Murphy,* 140 Mass., 254.

Assuming for the moment that full credence may be given to the evidence of a disclaimer by Knowlton, it worked no estoppel because it does not appear that he was advised of the proposed purchase by the person to whom it was made; *Morton* v. *Hodgdon,* 32 Maine, 127, 129; but while the declaration does not operate as an estoppel, it is, if entitled to weight, evidence to be considered. But the court is not impressed with the character of the evidence. The witness who testifies was but nineteen years of age at the time of the alleged conversation which occurred thirty-five years prior to the trial. While disposed to believe that some conversation between the parties may have occurred, we feel that the testimony of a single witness, subject to suspicion, at least, of unfriendliness to defendant, after the decease of the declarant and the lapse of so many years, is not evidence of that clear and convincing character from which a release may be presumed. *Liberty* v. *Haines,* 103 Maine, 182, 192; *Wilbur* v. *Toothaker,* 105 Maine, 490; Lord's Appeal, 106 Maine, 51, 56.

As to use by defendant's predecessors in title of ways other than a way over the alleged servient estate: A right of way, whether acquired by grant or prescription, is not extinguished by the habitual use by its owner of another way, equally convenient, instead of it, unless there is intentional abandonment of the former way; *Jamaica etc. Corp.* v. *Chandler,* 121 Mass., 3, 4; *Hayford* v. *Spokesfield,* 100 Mass., 491, 494. There is no evidence that the ways used by Knowlton were not equally convenient and the burden is upon the plaintiff to show otherwise. The ways used were obtained by the mere revocable permission of the owners of adjoining lands and the use of a way so obtained has been held not to extinguish the right: *Lide* v. *Hadley,* 36 Ala., 627, 628; 76 Am. Dec., 338, 339.

Abandonment necessarily implies non-user but non-user does not create abandonment no matter how long it continues: *Welsh* v. *Taylor,* 134 N. Y., 450, 457; *Eddy* v. *Chace,* 140 Mass., 471, 472, and an easement proved by grant or reservation is not lost by non-user alone: *Tabbutt* v. *Grant,* 94 Maine, 371, 373; *White* v. *Crawford,* 10 Mass., 183, 189; *Barnes* v. *Lloyd,* 112 Mass., 224, 231; *Butterfield* v. *Reed,* 160 Mass., 360, 369; *Smyles* v. *Hastings,* 22 N. Y., 217, 224. It has been said that an easement acquired by grant cannot be lost by mere non-user, though it may be by non-

user coupled with an intention of abandonment: *Welsh* v. *Taylor,* 134 N. Y., 450. And in this case the court says, "This conclusion leaves the case to rest entirely upon the fact of non-user. And the easement having been created by deed, that is not sufficient to sustain the finding that it had been given up and was extinguished.

"A person who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has in the land and it is no more necessary that he should make use of it to maintain his title than it is that he should actually occupy or cultivate the land. Hence his title is not affected by non-user, and unless there is shown against him some adverse possession or loss of title in some of the ways recognized by law, he may rely on the existence of his property with full assurance that when occasion arises for its use and enjoyment he will find his rights therein absolute and unimpaired." See also *Arnold* v. *Stevens,* 24 Pick., 106; *Seaman* v. *Vawdry,* 16 Ves, Jr., 390.

Indeed it seems to be the general rule of law that a right of way or easement created by deed or grant is not lost by mere non-user without proof of intention to abandon, and adverse possession by the owner of the servient tenement; *Tabbutt* v. *Grant,* 94 Maine, 371; *Bannon* v. *Angier,* 2 Allen, 128, 129; *Jennison* v. *Walker,* 11 Gray, 423, 425; *Owen* v. *Field,* 102 Mass., 90, 114; *Kiecken* v. *Voltz,* 110 Ill., 264, 271; *Noll* v. *Railroad Co.,* 32 Iowa, 66, 70-71; *Butterfield* v. *Reed,* 160 Mass., 361; *Horner* v. *Stillwell,* 35 N. J. L., 307, 314; *Curran v. Louisville,* 83 Ky., 628, 632; or expense or damage sustained by him; *Vogler* v. *Geiss,* 51 Md., 407, 411; *Snell* v. *Levitt,* 110 N. Y., 595, 602; *Barnes* v. *Lloyd,* 112 Mass., 224, 231. When these elements concur, they operate as a present abandonment and without regard to the length of the cesser to use.

In the case under consideration there is no evidence that the plaintiff or her predecessors in title have held possession of the servient estate adversely to the defendant or his predecessors in title, or have held it under any claim of right or have at any time taken any action to prevent the enjoyment of the right: *Farrar* v. *Cooper,* 34 Maine, 394, 400-1. And the case is equally barren of evidence of any acts of the owner of the alleged dominant estate done upon either of the tenements indicating an intention to abandon the right of which the enjoyment was suspended. See *Ballard*

v. *Butler,* 30 Maine, 94, 98-99; *Farrar* v. *Cooper,* 34 Maine, 394, 400; *New York &c. Railroad* v. *Benedict,* 169 Mass., 262, 267; *Curran* v. *Louisville,* ubi supra.

It has been stated that the only way in which an easement can be extinguished by the act of the parties interested is by release, actual or presumed; that abandonment will not have that effect unless a release can be presumed from that and the surrounding circumstances; that when an easement is spoken of as having been lost by abandonment, it is intended that the circumstances are such that a release can be presumed. Goddard on Easements (Bennett's Ed.) 461. In harmony with this statement are *Lovell* v. *Smith,* 3 C. B., 120, 127; *Ballard* v. *Butler,* 30 Maine, 94, 99; *Jennison* v. *Walker,* 11 Gray, 423, 425-426; *Arnold* v. *Stevens,* 24 Pick., 106, 112; 3 Kent (13th Ed.) (636) *448-*449.

But no case can be put in which any presumption has been made, except where a title has been shown by the party who calls for the presumption, good in substance, but wanting some collateral matter, necessary to make it complete in point of form. In such cases, where the possession is shown to have been consistent with the fact directed to be presumed, and in such cases only, has it ever been allowed. Tindal, C. J., in *Doe* v. *Cooke,* 6 Bing., 174, 179; see *Doe* v. *Butler,* 3 Wend., 149, 153.

It has been held that a way, created by the necessity for its use, cannot be extinguished so long as the necessity exists. *Blum* v. *Weston,* 102 Cal., 262; 41 Am. St. Rep., 188. This statement of the law evidently requires modification or restriction, see *Attleborough* v. *Railroad Co.,* 153 Mass., 120, 122. And in *Smyles* v. *Hastings* it is held that a right of way acquired by deed cannot be extinguished by mere non-user but only by a holding strictly adverse for twenty years; 22 N. Y., 217, 224. However this may be, upon the evidence presented, the court must hold that plaintiff has not shown abandonment, either as a conclusion of law or of fact.

*Judgment for defendant.*