**Bruce A. WITT**

v.

**John W. McKENNA, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1991.

Decided Dec. 9, 1991.

Liisa V. Hamilton, Boothbay Harbor, for appellant.

Thomas J. Poulin, Stinson, Lupton & Weiss, Bath, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiff Bruce A. Witt appeals from a judgment entered after a non-jury trial in the Superior Court (Lincoln County, *Browne, A.R.J.*) in favor of defendants John W. and Elizabeth D. McKenna. Witt contends that the court erred in finding that a right-of-way running across the defendants' property had been abandoned by plaintiff's predecessors-in-title. Because

the court's finding of abandonment is not supported by the necessary clear and convincing evidence, we vacate the judgment.

## I.

In 1907 and again in 1910, Witt's predecessor purchased a right-of-way from Martha M. Strout that ran across her property on Southport Island, known as Bay View House, "to and over my landing" and "to and over my wharf" to the shore. When Strout subsequently sold Bay View House to the defendants' predecessor, the deed stated that the land was subject to any rights-of-way previously granted.

At the time of granting, the right-of-way was a primary means of access to the island. In the 50 years prior to the McKennas' purchase of the Bay View House, however, the right-of-way had not been used because a bridge was built connecting Southport to the mainland. When the McKennas bought the property in 1970, the wharf over which the right-of-way ran stood in a state of disrepair. They rebuilt the wharf in 1973 in a slightly different location than that of the original wharf.

In 1987, after Witt purchased his property and the right-of-way, he approached the McKennas about using the right-of-way. The McKennas refused to allow Witt to use it, claiming it had been abandoned. The court agreed that the right-of-way had been abandoned, based primarily on fifty years of complete nonuse, but also on the following: that the right-of-way no longer served its intended purpose of access to the island because of the bridge connecting Southport to the mainland, that Witt's predecessors failed to object to either the McKennas' or their predecessors' failure to repair or to reconstruct the original wharf after it was destroyed, and that they failed to object to the construction of the new wharf in a different location.

## II.

■ The party alleging abandonment of a right-of-way has the burden of proving by clear and convincing evidence both i) an act on the part of the owner of the right-of-way evincing a clear intention to abandon and ii) an act by the owner of the servient tenement adverse to the owner's interest. *See Adams v. Hodgkins,* 109 Me. 361, 364–66, 84 A. 530, 531–32 (1912). Such acts "must be decisive and conclusive ... thereby indicat[ing] a clear intent to abandon the easement." *Chase v. Eastman,* 563 A.2d 1099, 1102 (Me.1989). To meet this burden, the evidence must establish each factual element to be highly probable. *See Wildes v. Ocean Nat. Bank of Kennebunk,* 498 A.2d 601, 602 (Me.1985).

■ Although we have recognized that acquiescence to the erection of a permanent barrier on a right-of-way can satisfy the burden of showing both prongs set out in *Adams, see Chase,* 563 A.2d at 1102 (failure to object to the construction of a cottage partly in the path of a right-of-way constituted partial abandonment of an easement); *Fitzpatrick v. Boston & Maine R.R.,* 84 Me. 33, 24 A. 432 (1891) (failure to object to erecting houses of a "permanent character" obstructing easement supported finding that easement was abandoned), nonuse alone, regardless of the duration, is insufficient to extinguish a right-of-way. *Adams,* 109 Me. at 366, 84 A. at 532. In this case, there is neither evidence of any act adverse to the plaintiff's ability to use the right-of-way, nor anything in the record to support a finding, by clear and convincing evidence, that the plaintiff's predecessors intended to abandon the right-of-way.

■ Though the failure to use an easement for a long period of time may constitute some evidence of an intent to abandon, 25 Am.Jur.2d *Easements and Licenses,* § 105, at 510 (1966), the court erroneously held that failure to use can constitute, by itself, reliable evidence of such intent. It perceived this reliance to be consistent with our holdings in *Chase* and *Fitzpatrick* because those cases and the case at bar all involve the absence of any action taken by the abandoning party. This perception ignores, however, the clear distinction between a party's failure to object to the construction of a permanent structure in the path of a right-of-way, as in *Chase* and *Fitzpatrick,* and the simple failure to use a

right-of-way. By resting its decision primarily on the duration of non-user, the court ignored our strong admonitions that an "easement may be abandoned by unequivocal *acts* inconsistent with the further assertion of rights associated with the existence of the easement," and that the "*acts* asserted must be decisive and conclusive and thereby indicate a clear intent to abandon the easement." *Chase*, 563 A.2d at 1102 (emphasis added).

■ Additionally, the fact that the right-of-way no longer serves its intended purpose of access is irrelevant to the issue of abandonment. Simply because Witt's predecessors used some equally convenient means of island access is not evidence of intent to abandon. *See Adams*, 109 Me. at 365, 84 A. at 532. *See also* 2 G. Thompson, *Commentaries on the Modern Law of Real Property* § 443, at 735 (1980) (habitual use of another way does not extinguish a right-of-way unless there is an intentional abandonment of the right-of-way). Likewise, Witt's predecessors' failure to object to the deteriorating condition of the wharf does not support the conclusion that they intended to abandon the right-of-way running across the McKennas' property to the shore. Therefore, because the record does not support a finding, to a high probability, either of an intent to abandon or of any act adverse to an ownership interest in the right-of-way, the court should have granted relief to the plaintiff.

The entry is:

Judgment vacated.

Remanded to the Superior court for further proceedings consistent with the opinion herein.

All concurring.