**Asa E. PHILLIPS, Jr.,**

v.

**Kate May GREGG, and ·W. Layton Stewart, as trustees.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 29, 1993.

Decided July 14, 1993.

William Fenton, Bar Harbor, for plaintiff.

Anthony J. Giunta, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendants Kate May Gregg and W. Layton Stewart appeal from a judgment entered in the Superior Court (Hancock County, *Silsby, J.*) rejecting a referee's finding that plaintiff Asa E. Phillips, Jr., abandoned a right of way for vehicular purposes. Defendants contend that the ev-

idence supports the referee's finding. Plaintiff cross-appeals, arguing that he was erroneously denied compensatory and punitive damages. We conclude that the Superior Court erred only by failing to award nominal damages. We modify the judgment to award $100 damages and affirm as modified.

Plaintiff, an owner of property in Seal Harbor, possessed a deeded 20–foot right of way over property owned by defendants as trustees. Plaintiff brought an action in Superior Court seeking to enjoin defendants from placing chains, signs, posts, and surveyor stakes in the right of way and otherwise interfering with plaintiff's use. Plaintiff's action also sought damages. Defendants denied liability on grounds of abandonment, adverse possession, and estoppel. The parties agreed to refer the case to a referee.

After a hearing, the referee concluded that plaintiff had partially abandoned the 20–foot right of way and had retained a foot path five feet wide. The referee based her conclusion on the fact that the town did not develop the right of way as a town way when other easements created by the same deed became town roads, that vehicular access on the right of way has been blocked by rocks for many years, and that the right of way is probably unsuitable for cars because of its grade. In addition, the referee found that the right of way was overgrown with trees. The referee recommended that the court grant plaintiff's request for an injunction prohibiting defendants from interfering with plaintiff's use of a five-foot footpath and direct defendants to remove manmade obstacles and all signs. The referee also concluded that plaintiff showed no actual harm from the interference with the right of way.

Both plaintiff and defendants made a timely objection to acceptance of the referee's report. *See* M.R.Civ.P. 53(e)(2).[1] The Superior Court accepted the referee's findings of fact but modified the referee's report on the ground that the referee did not find any intent to abandon the right of way and did not find any act by the owner of the servient estate adverse to the owner of the right of way. The court consequently enjoined defendants from further obstruction of the right of way.

Defendants contend that the lengthy disuse, the failure to maintain vehicular access, the blockage from rocks, the unsuitable grade, the presence of surface water pipes in the right of way, the growth of trees in the right of way, and the fact that the way was not taken by the municipality with other easements for regular traffic constituted competent evidence for the referee to conclude that plaintiff clearly intended to abandon the right of way.

■ We review conclusions of law rendered by a referee for error of law. *See Savage v. Renaud*, 588 A.2d 724, 726 (Me. 1991); *Bank of Maine v. Giguere*, 309 A.2d 114, 117 (Me.1973). Because the court's judgment is based on the referee's report, we review directly the decisions of the referee.[2] *Paine v. Spottiswoode*, 612 A.2d 235, 238 (Me.1992).

■ A party asserting abandonment has the burden of proof. *Chase v. Eastman*, 563 A.2d 1099, 1102 (Me.1989). The party may meet that burden by showing "(1) a history of nonuse coupled with an act or omission evincing a clear intent to abandon, or (2) adverse possession by the servient estate." *Canadian Nat'l Ry. v. Sprague*, 609 A.2d 1175, 1179 (Me.1992).

---

**1.** In [a non-jury] action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be subject to the right of the parties to object to acceptance of the referee's report.... The court shall adopt the referee's findings of fact unless clearly erroneous. Except as otherwise provided in this paragraph (2), the court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions. If no objections have been timely filed, the court shall forthwith enter judgment on the referee's report. M.R.Civ.P. 53(e)(2).

**2.** In modifying the referee's report, the Superior Court relied on dicta in *Witt v. McKenna*, 600 A.2d 105, 106 (Me.1991) that, subsequent to the court's judgment, we rejected in *Canadian Nat'l Ry. v. Sprague*, 609 A.2d 1175, 1179 (Me.1992). Because we examine the referee's report directly for error, the court's reliance on *Witt* is not relevant.

To prove intent to abandon, a party must show "unequivocal acts inconsistent with the further assertion of rights associated with the existence of the easement.... The acts asserted as evidence of abandonment must be decisive and conclusive and thereby indicate a clear intent to abandon the easement." *Id.* (citation omitted). Failure to object to a decisive act on the part of the servient estate may constitute an omission evincing a clear intent to abandon. *Chase v. Eastman*, 563 A.2d at 1102–1103; *see also Canadian Nat'l Ry. v. Sprague*, 609 A.2d at 1179.

◼ The referee did not conclude—and could not have concluded as a matter of law—that plaintiff clearly intended to abandon his right of way for purposes of vehicular traffic. Although defendants produced evidence of nonuse by the failure to convert the right of way to a town road and the lengthy history of a lack of use for vehicular traffic, that evidence alone is not sufficient to establish a clear intent to abandon. The presence of trees in the right of way reveals only a failure to clear the right of way of its natural growth. *See Desotell v. Szczygiel*, 338 Mass. 153, 154 N.E.2d 698, 702 (1958) (holding that nonuse and failure to clear trees and brush is not proof of abandonment). Neither do the rocks in the right of way constitute evidence of a clear intent in this case. The referee did not find that the rocks were placed there by the right of way's owner or by the servient tenants without objection. Moreover, the rocks may be readily removed when use of the right of way is desired and consequently do not constitute a permanent structure to prevent plaintiff's use of the right of way. *See Chase v. Eastman*, 563 A.2d at 1102 (stating that failure to object to erection of a permanent structure preventing enjoyment of rights granted by an easement may show intent to abandon). Finally, the referee's finding that the grade "probably" makes the right of way unsuitable for cars is not a basis for finding intent to abandon. *See Witt v. McKenna*, 600 A.2d at 107 (holding that it is irrelevant to the issue of abandonment whether a right of way no longer serves its intended purpose). In addition, the right of way might be usable by other types of vehicles better suited to the grade. Although defendants contend that pipes lie across the right of way so as to make it impossible for plaintiff to use the right of way for vehicular traffic, the referee did not find that the pipes in fact barred plaintiff's use of the right of way. Thus, we agree with the Superior Court.

◼ Plaintiff contends that he was erroneously denied an opportunity to introduce evidence to the referee of damages resulting from defendants' interference with his use of the right of way. Plaintiff also argues that the Superior Court erred by not offering plaintiff an opportunity to present evidence of damages, particularly when the court modified the referee's report to find that plaintiff was entitled to injunctive relief on the entire right of way claimed. "[D]amage assessment is the sole province of the factfinder and will not be disturbed on appeal absent a showing that bias, prejudice, or improper influence motivated the result, or it was a result of mistake of fact or law." *Paine v. Spottiswoode*, 612 A.2d at 239 (citation omitted).

◼ Contrary to plaintiff's argument, the record does not show that he was denied an opportunity to introduce evidence of damages. Although plaintiff did not prove actual damages, he is presumed to have suffered some damage from the violation of his property rights. *Fitzpatrick v. Boston & Maine R.R.*, 84 Me. 33, 41, 24 A. 432 (1891). The court erred, therefore, by not awarding nominal damages.

Plaintiff argues that the referee and the court erred by not determining whether plaintiff was entitled to punitive damages. Plaintiff failed to preserve his claim by filing with the Superior Court an objection to the referee's report regarding her failure to recommend punitive damages. *See* M.R.Civ.P. 53(e)(2).

The entry is:

Judgment modified to award $100 nominal damages, and as modified, affirmed.

All concurring.