Marshall STEVENS, Ruth Morrison, Mrs. C. P. Montgomery, Virgil Martin and Mrs. E. L. Floyd, Plaintiffs in Error,

v.

MAYOR AND COUNCIL OF the CITY OF VINITA, Oklahoma, composed of the following: Byron Tresler, Mayor; Wade H. Kornegay, David C. Colby, Craig Campbell, Bob Lewis, W. C. Melton, Eddie Gardner and Jack Hudson, Members of the Council, Defendants in Error.

No. 37643.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Sept. 10, 1957.

Wilkerson & Wilkerson, Pryor, for plaintiffs in error.

William W. Bailey, Vinita, and George J. Fagin, Oklahoma City, for defendants in error.

CORN, Vice Chief Justice.

This action was commenced by Marshall Stevens et al., a group of taxpayers of the City of Vinita, plaintiffs, against the City of Vinita et al., to enjoin the use of a portion of a city park in the City of Vinita for the purpose of building a fire station. The court entered a temporary injunction and upon the hearing dissolved the temporary injunction and entered a judgment for the defendants denying injunction.

The record reveals that by reason of a bond issue the city was authorized to build a fire station. It proceeded to use a portion of the park involved and the plaintiffs brought this action as above stated to prevent its use. The record further discloses that the City of Vinita became the owner by deed from the Cherokee Nation July 10, 1906. The deed is as follows:

"Whereas, a townsite commission, heretofore appointed under the Act of Congress approved May 31, 1900 (31 Stats. 221), and acting under authority of the Act of Congress approved July 1, 1902 (32 Stats. 716) ratified by the Cherokee Nation August 7, 1902, has appraised the lots in the town of Vinita, Cherokee Nation, Indian Territory; and

"Whereas, said Commission has appraised all of the town lots included in said plat at their true value, excluding improvements, which *appraised* has been approved by the Secretary of the Interior; and

"Whereas the said Commission has awarded the real estate described hereinbelow to Town of Vinita who has paid Two Hundred ($200.00) Dollars, the full amount of the purchase price, into the treasury of the United States, to the credit of the Cherokee Nation of Indians, with the United States Indian Agent at Muskogee, Indian Territory, and is therefore, entitled to a patent:

"Now, therefore, I, the undersigned, the Principal Chief of the Cherokee Nations, do, by virtue of the power and authority vested in me by the aforesaid Act of Congress of the United States, hereby grant, sell and convey unto the said Town of Vinita, its suc-

cessors and assigns forever, all the right, title and interest of the Cherokee Nation, aforesaid, in and to Lots Numbered All in Block 5, numbered 28 and 70, in the Town of Vinita, Cherokee Nation, Indian Territory, and according to the plat thereof on file as aforesaid.

"In Witness Whereof, I the Principal Chief of the Cherokee Nation, have hereunto set my hand and caused the Great Seal of said Nation to be affixed at the date hereinafter shown.

"Dated, July 10th, 1906."

■ There was no restriction against the right to use any of this property acquired from the Cherokee Nation. It is the general rule that in the absence of a restrictive clause in a grant by deed a fee simple title is acquired. Wright v. Morgan, 191 U.S. 55, 24 S.Ct. 6, 48 L.Ed. 89; Sharp v. City of Guthrie, 49 Okl. 213, 152 P. 403. Plaintiffs cite Davenport v. Buffington, 8 Cir., 97 F. 234, 46 L.R.A. 377, and refer to certain Acts of Congress and the legislative enactment of the Cherokee Nation of December 18, 1871. In Davenport v. Buffington, supra, it was held that the Cherokee Nation had no right to disturb the use of a park in the City of Downingville.

The Act of July 1, 1902, authorized the Cherokee Nation to sell the land involved in this case and the deed was executed in pursuance thereof.

■ Conditions are not favored and it must appear certain that restrictions were intended. Wright v. Morgan, supra.

If legal title was in the city it was absolute title. In Owen v. City of Tulsa, 27 Okl. 264, 111 P. 320, plaintiffs brought an action to enjoin a sale by the City of Tulsa of certain lands which had been purchased by the city for park purposes. The city, pursuant to a vote of the electors had issued bonds for the purpose of purchasing the park, and had acquired the premises involved, and thereafter laid out said lands as a park, and improved the same at the public expense for use as a park. The injunc-

tion was denied, for the reason that the city charter provided that the city might take, hold, and purchase lands as may be needed for corporate purposes, and might sell any real estate owned by it. In Wright v. Morgan, supra, it is stated [191 U.S. 55, 24 S.Ct. 8]:

"If the legal title was in the city, it was an absolute title. In view of the extreme unwillingness of courts to admit the existence of a common-law condition, even when the word 'condition' is used, it needs no argument to show that there was no condition or limitation here. Stuart v. [City of] Easton, 170 U.S. 383, 18 S.Ct. 650, 42 L. Ed. 1078. Little more needs to be said to show that the act of Congress did not make the land inalienable at common law. We need not consider whether the act could have that effect upon land within a state, when the conveyance was absolute and was made to a citizen or instrumentality of the state; we express no opinion upon the point. It is enough that it did not purport so to restrict the ordinary incidents of title. We should require the clearest expression of such an unusual restriction before we should admit that it was imposed,—especially in an ordinary sale for cash. Here, the act probably meant no more than to explain the motive for a sale at a minimum price. Mahoning County [Com'rs] v. Young, 6 Cir., 59 F. 96, 8 C.C.A. 27. The ratified patent said nothing of any restriction, or even any trust, beyond the one executed in the city."

■ We think the language used in Wright v. Morgan, supra, especially applicable here. The deed recited the Acts under which the Cherokee Nation acted and did not restrict the use of the lands. The right to the use of a park for the purpose of building a fire station is discussed in cases annotated in 63 A.L.R. 488, and 144 A.L.R. 495. Unless there is a restriction in the conveyance to the municipality, the municipality may divert the use to build and maintain a fire station. In this con-

nection in said annotations it is interesting to note that some of the cases indicate that building a fire station and maintaining the same is not inconsistent with the restrictive clause that such park shall be used only as a park. Reichelderfer v. Quinn, 60 App. D.C. 325, 53 F.2d 1079; 287 U.S. 315, 53 S.Ct. 177, 77 L.Ed. 331, 83 A.L.R. 1429.

As suggested by the trial court in the case under consideration the laws enacted by the federal government had for their purpose the protection of the Indian tribe involved. The conveyance or right to convey by the tribe to the city is not questioned.

Plaintiffs cite certain Acts of Congress and the Legislative Acts of the Cherokee Nation to show that the land was restricted to the use as a park, as remarked in Sharp v. City of Guthrie, supra. This transaction in the case under consideration appears to be the ordinary sale for cash with no restrictions. Sharp v. City of Guthrie, supra, quotes from Seattle Land & Improvement Co. v. City of Seattle, 37 Wash. 274, 79 P. 780. Therein it is stated [49 Okl. 213, 152 P. 406]:

"An examination of the authorities cited by the respective parties hereto, and such others as we have been able to examine, shows that a clear distinction is observed between those cases where the fee of the property is acquired (by purchase, condemnation, or otherwise) and those cases wherein the city obtains merely an easement; also between cases where the full purchase price is paid by the city from its general fund, and those cases where the property is dedicated or donated for some specific public use, or conveyed with some restriction, or where payment is provided by assessment upon neighboring property specially benefited by the contemplated use. In the case at bar the city acquired the full and complete legal title in fee to this property, without restriction of any kind, and paid, so far as the record shows, the full value therefor from the general fund. It was not a dedication or donation or a conveyance to the city with any limitations or restrictions. The city having thus acquired the property and, in its wisdom, decided thereafter that the contemplated use should be changed, and that its welfare and necessities required a use for economic purposes, we are unable to find any authority authorizing the appellant to interfere with the respondents' actions in this direction. Brooklyn Park Com'rs v. Armstrong, 45 N.Y. 234, 6 Am.Rep. 70; Curran v. City of Louisville, 83 Ky. 628."

We find no error in the judgment of the trial court.

Judgment affirmed.

DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.