ROBERT RICHARDSON ET AL. *vs.* JOHN W. TUMBRIDGE.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 22d—decided March 3d, 1930.

*David S. Day,* for the appellants (plaintiffs).

*Rolfe W. Skulason,* with whom, on the brief, was *Frank P. Barrett,* for the appellee (defendant).

BANKS, J.   The plaintiffs seek in this action a judgment declaring that their land is no longer subject to the easement which in 1891 was granted by their predecessor in title to the predecessor in title of the defendant in favor of the land now owned by the latter.   This easement is the right to construct and maintain a drain upon the land of the plaintiffs for the purpose of draining the land of the defendant. The plaintiffs contend that by reason of the failure of the defendant or his predecessors in title to construct the drain in accordance with the right granted in the deed creating the easement, and their use of the stream flowing from defendant's land through that of the plaintiffs as a means of drainage, the defendant and his predecessors in title abandoned the easement granted in their deed and that it is extinguished and the plaintiffs' land is no longer subject to it.

An easement may be extinguished by a written release or by an abandonment of his right by the owner of the dominant estate.   Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law.   The proof must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement.   Mere

nonuser of an easement created by deed, however long continued, is insufficient to establish abandonment. There must also be some conduct on the part of the owner of the servient estate adverse to and inconsistent with the existence of the easement and continuing for the statutory period, or the nonuser must be accompanied by unequivocal and decisive acts clearly indicating an intent on the part of the owner of the easement to abandon the use of it. *Schroeder v. Taylor,* 104 Conn. 596, 605, 134 Atl. 63; *American Brass Co. v. Serra,* 104 Conn. 139, 149, 132 Atl. 565; *Stueck v. Murphy Co.,* 107 Conn. 656, 662, 142 Atl. 301; 9 R. C. L. 810; 2 Tiffany on Real Property (2d Ed.) p. 1377; Jones on Easements, § 865.

After the execution of the deed granting to Corlies, defendant's predecessor in title, the right to build either a stone or tile drain upon the land now owned by the plaintiffs, Corlies, instead of building such drain, excavated the bed of the stream, lowering it so as to provide more efficient drainage for his land, and since then the stream has been continuously utilized to furnish drainage for defendant's land, and neither Corlies nor any of his successors in title have ever exercised the privilege granted to him of building either a stone or tile drain. The plaintiffs contend that these facts disclose a situation where the purpose of the grant—the drainage of defendant's land—has been accomplished by a means different from that provided in the deed, that the grantee accepted this, either as an exercise of his rights under the deed, or as a substitute for them, and that from these facts the court was bound to draw either one of two conclusions: First, that the owners of defendant's land, having continuously used the stream as a means of drainage in lieu of the drain, the right to construct and maintain a drain granted by the deed has been abandoned, and

the defendant has only the rights of an upland proprietor to the natural drainage of his land through the flow of the stream; or, second, that the excavation of the bed of the stream by Corlies was done under the authorization of the deed as the exercise of a right alternative to the construction of a drain, and that the defendant is limited to the right to have his land drained by the stream in its natural flow with such excavations of its bed as may be necessary to give proper drainage to his property. If the plaintiffs are right in their contention Corlies abandoned his rights under the deed almost as soon as he obtained them, since the finding is that soon after the deed was given he removed the dam and excavated the channel of the stream to increase its flow. If this constituted the adoption of a method of draining his land in lieu of that given him by deed, with a consequent abandonment of his rights under the deed, then the easement was already extinguished when the plaintiff Robert Richardson received his deed in which it was stated that the property was subject to the privilege granted to Corlies to construct a drain through the premises conveyed. The deed to Corlies granted, not a right in general terms to drain the water from his property across that of the grantor, but the right to construct and maintain a drain for a specified distance—three hundred feet—and of a specific size and character of construction, to wit: in the alternative, either a stone drain not less than two feet square on the inside, or a tile drain not less than two feet in diameter. No reference is made in the deed to the stream which already furnished drainage for the Corlies property across that now owned by the plaintiffs. It is to be presumed that the deed conveyed to Corlies some other and additional right of drainage than that afforded by his right as an upland proprietor to the natural drainage of

his land through the flow of the stream. An intention to abandon a right so formally granted and with such precision of definition in favor of a right already possessed—except for such additional drainage as was afforded by the excavation of the bed of the stream—is not to be imputed to the grantee of such right and his successors in title merely from the fact of their failure to build the drain and resting content with the drainage furnished by the flow of the stream.

The plaintiffs rely upon the proposition that where an easement has been granted in indefinite terms; and the owner of the dominant estate has definitely fixed its location and the manner of its use, he cannot thereafter change the location or use without the consent of the owner of the servient estate. They cite cases holding that when a right to lay water pipes had been exercised, the owner of the right could not thereafter change either the location or size of the pipes, and that a right of way granted in general terms is limited to a way of the width and location actually taken and used by the grantee of the right. The principle is well established but is not applicable to the situation here presented. As already noted the deed to Corlies did not grant a right in general terms to drain his land upon that of the grantor in the deed. The grant very specifically defined the character and size of the drain which might be constructed. It did not fix its location. Neither Corlies nor any of his successors in title have ever fixed the location of the drain or indeed taken any action under the deed authorizing its construction. His action in excavating the bed of the stream after the removal of the dam was taken with the consent of the then owner of the plaintiffs' property for the purpose of keeping the stream open, and was not the exercise of any right granted in the deed. If it was anything more than

the exercise of his rights as an upland proprietor it was at most a use of his easement in a manner different from that allowed in his deed. "The fact that the dominant owner has used or proposes to use the easement in a manner different from that allowed by the deed does not extinguish the right—the remedy . . . in such a case being by action." 9 R. C. L. 815. A right of way is not extinguished by the habitual use by its owner of another way, equally convenient, unless there has been an intentional abandonment of the former way. *Nichols* v. *Peck,* 70 Conn. 439, 442, 39 Atl. 803; *Jamaica Pond Aqueduct Corporation* v. *Chandler,* 121 Mass. 3; *Adams* v. *Hodgkins,* 109 Me. 361, 84 Atl. 530; Goddard on Easements (8th Ed.) 526; 9 R. C. L. 814; 22 L. R. A. (N. S.) 884; 42 L.R. A. (N. S.) 741. Such use of a different way, or as here of a different method of drainage, may be under such circumstances as clearly to indicate an intention to abandon the right obtained by deed. An abandonment of an easement will be presumed when the owner of the right does or permits to be done some act inconsistent with its future enjoyment, or some other unequivocal act showing the intention permanently to abandon it. The excavation of the bed of the stream by Corlies, and the continued use of the stream for drainage purposes by him and his successors in title, was not inconsistent with an intention, when occasion required, to exercise his right to build either a tile or stone drain, either in the bed of the stream or elsewhere. The clearing out of the bed of the stream in no way interfered with the building of a drain utilizing the flow of the stream. The plaintiffs' theory of their case appears to be that the defendant's rights under this easement are limited to the right to have his property properly drained across the property of the plaintiffs, and they ask to have the finding corrected by add-

ing to it a finding that a stone or tile drain is not required to furnish reasonable drainage to the defendant's property, but that such drainage can be obtained by lowering the bed of the stream an average depth of one foot for a distance of one hundred feet from the easterly boundary of their property. Such a finding, if made, would not help the plaintiffs' case. Unless the right has been lost by abandonment the defendant, by virtue of the deed to Corlies, has the privilege of constructing and maintaining a particular type of drain upon the plaintiffs' property regardless of whether his property is or may be reasonably drained by the flow of the stream. This is an interest in land, formally granted for a valuable consideration, and its abandonment can only be established by unequivocal and decisive acts clearly indicating such intention. The court has found that neither the defendant nor his predecessors in title have done any acts indicating an intention to abandon the rights created by the grant of this easement. This conclusion stands and is decisive of the case unless we hold that the court could not legally and logically make it under the facts found. None of the requested corrections in the finding which could justifiably be made would materially affect this conclusion. Bearing in mind that the question of abandonment is one of intention, and a question of fact and not of law, and the unequivocal and decisive character of the proof required to establish it, we cannot say that the conclusion of the trial court does not legally and logically follow from the facts found.

There is no error.

In this opinion the other judges concurred.