JOHN PUDIM, JR., ET AL. v. BARNEY MOSES ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 7063

Memorandum filed June 3, 1957.

*Donald C. Fisk* and *Donald B. Caldwell*, both of Rockville, for the plaintiffs.

*Pigeon & Kahan*, of Rockville, for the defendants.

TROLAND, J. The plaintiffs are owners of land in Vernon, which bounds land of defendants on the west and south. The defendants' land consists of a tract of twenty-five acres which formerly was owned by Hattie M. Allen. A portion of plaintiffs' land which bounds the defendants on the south also was

formerly owned by said Hattie M. Allen. This tract was conveyed by Hattie M. Allen to Harry T. Miner by warranty deed dated July 3, 1890, recorded in Vernon land records, volume 29, page 422, and in said deed was described as two rods wide, contained thirty-seven and one-half rods, and was bounded on the north by land of Hattie M. Allen and on the south by the highway leading from Vernon center to Vernon depot. In this deed Hattie M. Allen reserved to herself, her heirs and assigns the right to pass and repass over said premises to her lot on the north of said premises with teams or on foot. Hattie M. Allen thereafter in 1908 conveyed her twenty-five acre tract lying north of said strip to Hubert C. Allen together with "a right of way as mentioned in a deed recorded in Vol. 29, page 422 from myself to Harry T. Miner, dated July 3, 1890." This tract of twenty-five acres with its appurtenant right of way has been conveyed by successive grants and now is owned by the defendants.

The plaintiffs acquired their property described in the first paragraph of the complaint on March 12, 1937. In the deeds to their predecessors, the land is specifically stated to be subject to the right of way appurtenant to the land now or formerly of Hattie M. Allen to Harry T. Miner dated July 3, 1890, and recorded in the land records of the town of Vernon, volume 29, page 422. In the deed to the Pudims, the lands conveyed are described as "subject to such rights of way, easements and restrictions as exist or of record appear."

The question in this case is the nature and extent of the right of way. It arises because on or about January 11, 1956, the defendants entered upon the strip of land subject to the way with a bulldozer, pushing aside portions of the top soil, for the pur-

pose of establishing thereon a smoother and wider way for travel than had previously existed on the surface of such land. In so doing the defendants disturbed or covered over 332 feet of loam in making a roadway about 39 feet wide near the highway and about 40 feet wide at the northerly end of the strip where it abuts defendants' land. Defendants claim their right of way is two rods wide and that they have the right to repair it and make it suitable and convenient for their use.

It is well established that the owner of a right of way may repair it and do what is reasonably necessary to make it suitable and convenient. *Nichols* v. *Peck,* 70 Conn. 439, 441. However, the width of the right of way reserved by Hattie M. Allen was not fixed in her deed. In conveying the two-rod-wide tract, she reserved only the right to pass and repass with teams or on foot over said land. The user by Hattie M. Allen and her successors in title has never been extended to the full width of the tract. The circumstances of use show that a way not exceeding sixteen feet in width has been adequate for the purposes stated.

The circumstances surrounding the parties at the time Hattie M. Allen conveyed the two-rod strip to Harry T. Miner have not been established and the court has not had such aid in construction of the reservation as they might have afforded. Hattie M. Allen did not, however, convey the land for a road or for a definite use. She conveyed to Mr. Miner the fee, reserving to herself and assigns, only the right to travel in the manner indicated.

The easement not being specifically defined, the rule is that the easement be only such as is reasonably necessary and convenient for the purpose for which it was created. 17 Am. Jur. 996, § 97; 19 C.J. 968, § 204. A right of way granted in general terms

is limited to a way of the width and location actually taken and used by the grantee of the right. *Richardson* v. *Tumbridge,* 111 Conn. 90, 96.

The defendants, in leveling the land in the manner they did, exceeded their rights and damaged the plaintiffs thereby.

Judgment may enter for the plaintiffs to recover of the defendants $432 damages and enjoining the defendants under penalty of $1000 from using or changing the surface of any portion of the two-rod strip through which the right of way exists except such part thereof not exceeding sixteen feet in width as lies within the traveled way heretofore established and used over the years.