[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant Wallingford Planning Zoning Commission (Commission) approving a site plan and special permit application. The following facts are pertinent.
In 1982, defendant Donald Ahearn conveyed to the plaintiff a parcel of land known as 567 Center Street in the town of Wallingford. (Deed, Plaintiff's Exhibit A.) Ahearn retained title to an abutting parcel, known as 569-71 Center Street. (Id.) The deed conveying title to 567 Center Street also contains a clause granting Ahearn an easement permitting him to use a six foot wide strip of land running the length of the boundary line between his and the plaintiff's property. This strip, when combined with six feet of property on Ahearn's side of the boundary, formed a twelve-foot-wide accessway to a wood frame apartment house on Ahearn's property. (Site plan map, attached to this memorandum.) Under the terms stated in the deed, the easement was to be extinguished upon the happening of certain described events, namely:
 "[I]n the event that the Grantors, their heirs and assigns, shall construct buildings or other improvements on other land of the Grantors located to the rear of the premises herein conveyed and shall provide access to said improvements to and from Center Street, said accessway shall be constructed and provided within an area of the Grantors' premises other than the 6 foot Right of Way reserved, and upon completion of same the above reserved Right of Way shall terminate and be null and void, other than to provide access to the existing wood frame structure located immediately east of the premises herein conveyed. In the event said wood frame structure shall be razed and removed by the Grantors, said 6 foot Right of Way shall terminate and be extinguished absolutely."
On January 8, 1990, the commission granted Ahearn's CT Page 693 application for a special permit to construct a parking lot on the property to the rear of the plaintiff's premises, and to make extensive alterations to the wood frame structure. (Ret. Rec. Exhibit F.) The permit was granted in part because the accessway to the parking lot, utilizing the easement, was deemed sufficiently wide to meet the zoning requirements.[1] Notice of the commission's decision was published in the Meriden Record Journal on January 13, 1990. (Ret. Rec. Exhibit L.)[2]
The plaintiff filed the present appeal on January 26, 1990, returnable February 20, 1990.[3] On February 12, he brought a declaratory judgment action against Ahearn, seeking a determination of the status of the easement. (See File, Motion for Stay (#103.) Upon motion of the plaintiff (#106), the court consolidated the two cases on April 23, 1990. On August 28, 1990, however, the two cases were "decompanionized" by order (#110) of Judge Fracasse.
The plaintiff has the burden of proving that he is aggrieved by a decision of a zoning commission; Conn. Gen. Stat. 8-8 (b), (j); and the court decides this issue as one of fact. I. R. Stitch Associates, Inc. v. Town Council, 155 Conn. 1, 3 (1967). At the hearing on this matter, the plaintiff introduced into evidence a record deed indicating that he owns property adjacent to the property subject to the commission's decision. (Plaintiff's Exhibit A.) This evidence reasonably supports the conclusion that the plaintiff is aggrieved. Conn. Gen. Stat. 8-8
(a)(1).
A trial court may grant relief on appeal from a decision of an administrative agency only where the agency has acted illegally, arbitrarily, or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470 (1982). "When a zoning Authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159, 163-64, . . ." Daughters of St. Paul, 17 Conn. App. 53, 56 (1988). "`The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. . . .' Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654 (1980)." Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
"When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. A. P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 185
CT Page 694 [(1974)]." Daughters of St. Paul, Supra at 56. It has no discretion to deny the special exception if the regulations and statutes are satisfied. Westport v. Norwalk, 167 Conn. 151, 155
(1974).
The plaintiff briefs four challenges to the commission's decision to grant the special permit and approve the site plan, all of which concern the right of way easement in one way or another.[4] The first three of these challenges are premised upon the same legal argument; namely, that the commission's action was illegal because as soon as Ahearn completes the construction approved by the commission, the easement will terminate, throwing the entire development into noncompliance with the applicable town zoning regulations.
It is implicit in this argument that, at the time of the commission's decision, the easement was in effect. The record, moreover, is replete with evidence that this was the case. The commission heard testimony that the easement had been in use by Ahearn's tenants for some time, and the plaintiff did not claim that the easement at that time was not in effect. Thus, the commission found, as a question of fact, that Ahearn had some sort of present right of way over the six foot strip of the plaintiff's property. The commission was competent to make, and indeed was required to make, this factual finding. See, e.g., A. P. W. Holding Corporation, supra at 184-86 (zoning authority considering special permit application must determine whether regulations expressly permit use and whether regulatory standards are satisfied); Burnham v. Planning Zoning Commission, 189 Conn. 261,266 (1983) (commission weighs evidence and determines issues of fact).
The plaintiff's argument, however, is not only concerned with the status of the easement at the time of the commission's decision. The plaintiff also asserts that the commission should have ruled, as a matter of law, that the easement would expire upon completion of Ahearn's project, and should have on this basis rejected the site plan and denied the special permit. The plaintiff assumes that the commission was competent to make this determination, despite the fact that the validity of the easement upon completion of Ahearn's project had not at that point been determined by a court. In fact, the validity and effect of the easement in question is the subject of a pending declaratory judgment action. See Ianuzzi v. Ahearn, #29 55 16, Judicial District of New Haven at New Haven.
The plaintiff's argument is flawed because municipal zoning authorities are not competent to determine the legal status of an easement. "The determination of the intent behind language in a deed, considered in the light of all the surrounding CT Page 695 circumstances, presents a question of law." Contegni v. Payne,18 Conn. App. 47, 51 (1989); Eis v. Meyer, 17 Conn. App. 664, 667-68
(1989); see Kelly v. Ivler, 187 Conn. 31, 39 (1982). "Generally, it is the function of a . . . zoning commission to decide `within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply.'" (Citations omitted.) Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988). It is not the function of a zoning commission to consider questions of property law in determining whether to approve a site plan or grant a special permit. See, e.g., Carini v. Zoning Board of Appeals, 164 Conn. 169,173 (1972) (zoning board of appeals does not consider matters such as estoppel or laches in determining whether to grant variance). The commission correctly chose not to consider the question of the easement beyond making a factual determination as to whether it was presently in use.
The plaintiff's first three challenges to the commission's decision must be rejected. All three rely upon the assumption that the commission could have made a legal ruling on an issue of property law properly within the province of the courts. Id.
In his fourth challenge to the commission's decision, the plaintiff claims that the commission could not legally restrict the use of the easement to that of a one-way accessway.
The plaintiff concedes that by the terms of the deed, the grantor, Ahearn, reserved the easement "for any and all purposes": see plaintiff's Exhibit A. The plaintiff, however, relying upon Richardson v. Tumbridge, 111 Conn. 90, 96 (1930), argues that Ahearn has fixed the right of way by acceptance and use, and that the use cannot now be altered. Richardson does not support this argument. First, the passage from Richardson relied upon by the plaintiff is dicta; second, the rule discussed there holds that once a right of way has been established by acceptance and use, its size or location may not be changed. Id., at 96. The commission's decision cannot be said to intensify the use of the easement, see Hagist v. Washburn, 16 Conn. App. 83, 86-87 (1988).
Further, the commission was within its rights in restricting the use of the easement to one-way traffic. An easement granted in general terms is construed broad enough to permit any use which is reasonable; Mackin v. Mackin, 186 Conn. 185, 189 (1982); Hagist v. Washburn, supra at 86; Lichteig v. Churinetz, 9 Conn. App. 406
(1986); and "[i]t is well established that a right-of-way granted in general terms may be used for any purpose reasonably necessary for the party entitled to use it." Hagist v. Washburn, supra at 86. CT Page 696
For the reasons noted, the appeal is dismissed.
STUART M. SCHIMELMAN, JUDGE