[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Erik Kudlis, seeks to enjoin the defendants from widening a right of way that crosses his property. He is also seeking damages because of the defendants widening the right of way, which he claims was illegal.
The defendants, Maurice and Lucille Rocheleau, claim a right of way by deed. They claim it to be twelve feet wide and that they have been damaged by the plaintiff's refusal to grant them what they claim is the proper use of the right of way.
The parties introduced into evidence several deeds to the property along with surveys and photographs.
The plaintiff claims that the deed reserving the right of way and the deed conveying the right of way use the word "path" to describe it. He concludes that this compels conclusion that it CT Page 10322 was a narrow path. He also claims that his expert saw an eight-foot right of way in 1987 and showed it as such on his survey. He, therefore, claims the right of way is eight feet.
The defendant claims the right to put in underground utility lines. The plaintiff claims the easement and right of way do not permit utility lines. Finally, the plaintiff claims the right to an injunction limiting the right of way to eight feet and preventing the defendant from making it wider or installing utility lines. He also claims money damages to restore the right of way to eight feet since the defendant has already widened it to twelve feet.
The defendants claim that the deed creating the right of way . . . "to pass and repass on foot or with teams for any purpose" connotes the use of horses and teams and has since interpreted that language through case law to mean a width of twelve feet. The plaintiff's surveyor, Soja, had no personal knowledge as to the width of the road. Ridgeway, the defendants' expert, said the right of way was wide enough to accommodate two vehicles passing each other. Since the deed said "forever . . . for any purpose . . . to pass and repass . . . on foot or with teams," he found the language to mean wide enough for two trucks to pass and the property could be used for any purpose.
Defendants' expert, Campbell, a surveyor, testified that twelve feet is standard for a driveway design. Hence, seeking a width of twelve feet along with utilities is practicable and reasonable.
A grant of a right of way for horses and vehicles and all other purposes has been held to allow utilities. Missionary Soc.Of Salisian Cong. V. Eurotas, 250 N.Y. 86 (1931). The owner of an easement has all rights incident or necessary to its proper enjoyment. Peterson v. Oxford, 189 Conn. 740, 745 (1983). Regarding the plaintiff's claim for repairs to the right of way, the defendants claim that there was no real damage because plants and trees have regrown. Furthermore, they claim that they had the right to make improvements to the right of way of twelve feet. The owner of the right of way may repair it to do what is reasonably necessary to make it suitable and convenient.Pudin v. Moses, 20 Conn. Sup. 311 (1957).
The court must conclude after a review of all the evidence that the defendant is entitled to a right of way of twelve feet. CT Page 10323
The court also finds that the defendants are entitled to use the easement for utilities to their home. The plaintiff is not entitled to damages for the reasonable improvements the defendants made to the right of way.
The court, therefore, enters judgment for the defendants on the complaint. The court also enters judgment for the defendants Maurice and Lucille Rocheleau on their cross complaint and orders the plaintiff not to interfere with their use of the right of way.
D. Michael Hurley State Trial Referee