[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The first of the above two captioned cases involves a dispute between neighbors over a right of way in Westport. The second case seeks an injunction against the location of certain pool equipment within a front yard setback line. In the first case, there are four plaintiffs, Kelly M. Wright and Marcia Wright, of 8 Clifford Lane, Westport, and Joseph P. Wagenseller and Virginia F. Wagenseller, of 6 Clifford Lane. Mr. Kelly M. Wright is the sole plaintiff in the second case. The defendant in both cases is Arthur Weigold of 5 Clifford Lane.
Considering the right of way case first, the plaintiffs allege, in the first count of their four-count complaint, that the defendant Weigold has "overburdened" and "obstructed" a 40 foot wide private right of way known as Clifford Lane, which is about 1,000 feet in length and runs from the three properties west to Old Hill Road. The plaintiffs further allege that the defendant, who has access to Clifford Lane from an existing driveway situated at the westerly edge of his property, opened a second access to this right of way by cutting through a stone wall that belongs to the Wagensellers. The plaintiffs also contend that this stone wall is the boundary between the Wagensellers' property and the defendant's property to the north.
In the second count of their complaint, the plaintiffs allege CT Page 13367 that the defendant's additional access through the stone wall "exceeds the grant" of a right of way contained in the deed of conveyance to the defendant's property. In the third count, the plaintiffs allege that the defendant destroyed a portion of the Wagensellers' stone wall and "misappropriated" some of the stones. In the fourth count, the plaintiffs allege that the defendant has "abandoned" that portion of the right of way to the east of his driveway. The defendant denied the material allegations of the complaint and asserted a special defense to the effect that he had the right to make a cut in the stone wall and to construct a gate so as to afford him additional access to the right of way.
The plaintiffs make five points in their brief. First, the plaintiffs argue that the defendant had no right to demolish and cut through the stone wall, about eight feet in width, and to erect a gate in order to provide a second access to the right of way. Second, the defendant's easement, or right to use Clifford Road, starts at his driveway at the westerly corner of his property and does not extend to the east along the approximate 275 feet in front of or to the south of his land. Third, "on occasion," according to the plaintiffs, the defendant has obstructed the right of way. Fourth, the defendant has "abandoned" any rights he might have to the portion of the right of way, Clifford Road, along the front of his property and to the east of his existing driveway. Fifth, the plaintiffs are entitled to an injunction ordering the defendant to restore the stone wall and to cease interference with the right of way.
This case was tried to the court and the testimony and exhibits disclose the following. The 40 foot wide right of way, Clifford Lane, which is depicted on Map No. 2510, Westport Land Records, runs through and along the northern 40 feet of the Wagensellers' property. The Wagensellers own the fee to Clifford Lane as it exists to the north of their property, but their ownership is subject to the rights of others to use this access leading west to Old Hill Road. Although the right of way is 40 feet wide, the actual paved portion of the right of way is 15 feet wide. The Wrights have an easement "in common with others" over this right of way, which was set forth in their deed. The defendant, whose property consists of approximately an acre and a quarter, has the same rights over Clifford Lane as do four or five other property owners including the Wrights. The stone wall is about two feet wide and the property line between the defendant and the Wagensellers runs, generally, along the center CT Page 13368 of the stone wall. In the spring of 1995, the defendant removed about eight feet of the stone wall and placed a gate where he had removed the stones in order to provide access to a swimming pool he had constructed in the rear portion of his property. The opening in the stone wall is about 25 feet from the defendant's property line with John and Suellyn Durkin to the east.
The court agrees with the plaintiffs that the defendant did not have the right to remove a portion of the stone wall marking the boundary between his land and that of the Wagensellers. Dennis A. Deilus, a licensed land surveyor, testified that this stone wall generally straddled the property line. The defendant did not have the right to destroy a portion of the stone wall that belonged to the Wagensellers'.
The court disagrees with the plaintiffs' contention that the defendant has no right to use the portion of Clifford Road to the east of his driveway. The deed to the defendant provides that he has a "right of way for all purposes over the forty (40) foot roadway from said premises to Old Hill Road." The plaintiffs interpret this phrase by substituting the word "premises" for the word "driveway," so that the right of way begins and ends at the defendant's driveway. Their claim seeks to add something that is not in the deed granting the right of way to the defendant. Thus, the court disagrees with the plaintiff and finds that the defendant has a right of way to Clifford Road all along the southern boundary of his property.
With the gate removed and the stone wall restored, it is difficult to imagine that any further obstruction to the right of way will occur, even if there was any such obstruction in the past. In any event, the right of way along the southern boundary of the property of the defendant must be kept free of any obstruction, but there is no need to issue an injunction at this time.
The plaintiffs did not introduce evidence sufficient to substantiate their claim that the defendant abandoned his right to use Clifford Lane to the east of his driveway. Actually, the defendant asserted his right to use the lane in that location by cutting into the stone wall and making a second access way to this roadway. Abandonment requires proof, which was lacking in this case, that "it was the intention of the owner of the dominant estate to abandon the easement." Richardson v.Tumbridge, 111 Conn. 90, 93, 149 A. 241 (1930). CT Page 13369
Therefore, a permanent injunction hereby issues in the first of the above captioned cases ordering the defendant forthwith to remove the gate and to restore the stone wall to the condition that it was prior to his removal of certain stones. The stones that were removed must be placed back in their previous location. Although a second access way might be deemed reasonable, as a general proposition, the defendant does not have the right to break through that portion of the stone wall belonging to someone else, that is, the Wagensellers.
The second of the above cases sought an injunction against the defendant ordering him to remove propane tanks and swimming pool equipment located within the municipal 30 foot front yard setback. However, in early 1996, while this action was pending, the defendant moved these items behind the setback line and is now in compliance therewith. Hence, the request for an injunction is moot. The plaintiffs seek reimbursement of the filing fee, sheriff' s fee and "attorney's fees of $700." There is, however, no authority for attorney's fees. The plaintiffs are entitled to costs in this case as taxed by the clerk of the court, and the second case (CV 96 0149652) is dismissed on the court's records as moot.
The plaintiffs are also entitled to recover court costs in the first case, again as taxed by the chief clerk in accordance with General Statutes § 52-257 and Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of November, 1998.
William B. Lewis, Judge